UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALTAGRACIA SALCEDO,

    Plaintiff,                 CASE NO.: 2:24-cv-01141-JLB-NPM

v.

THE DISTRICT BOARD OF TRUSTEES
SOUTHWESTERN STATE COLLEGE, FLORIDA,

    Defendant.
_____/

## AMENDED COMPLAINT[1]

Plaintiff, ALTAGRACIA SALCEDO ("Plaintiff" or "Ms. Salcedo"), by and through undersigned counsel, hereby sues Defendant, THE DISTRICT BOARD OF TRUSTEES SOUTHWESTERN STATE COLLEGE, FLORIDA, and in support alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. § 2000e *et seq*. ("Title VII"), 42 U.S.C §1981 and Chapter 760, Florida Statutes.

---

[1] Amended as to Defendant's name only. Defendant has provided their written consent for this amendment.

2. This is an action for damages that exceed $50,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiff demands a trial by jury; accordingly, although in filing this Complaint Plaintiff's counsel was required to and did file a Civil Cover Sheet stating an "Amount of Claim" figure, that figure is for data collection and clerical processing purposes only, and the amount of damages in this action will be decided by the jury in compliance with Article I, Section 21, Florida Constitution.

## PARTIES

3. At all times material hereto, Plaintiff, ALTAGRACIA SALCEDO, has been a resident of Florida and was employed by the Defendant. Plaintiff is a member of a protected class due to her race, her age (50), and reporting conduct unlawful under the Florida Civil Rights Act and Title VII.

4. At all times pertinent hereto, Defendant, THE DISTRICT BOARD OF TRUSTEES SOUTHWESTERN STATE COLLEGE, FLORIDA, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to this claim.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). Plaintiff received a Right to Sue Letter from the EEOC and 180 days have passed since she filed a charge of discrimination with FCHR.

## STATEMENT OF ULTIMATE FACTS

6. Plaintiff, Altagracia Salcedo, is a Hispanic American female, that, prior to her termination, worked for Defendant from September 2022 until her termination on September 7, 2023.

7. While working for Defendant, Plaintiff became aware that the predecessor in her role, who was white and had no tech experience, was able to freely ask questions and received help and assistance whenever it was needed.

8. However, when Plaintiff asked for assistance, she was told by Ms. Kaci Brito and Ms. Carmen Allen (Ms. Brito's boss), both white females, that they would not be training her, and it was not their job to train her.

9. Mr. Jason Dudley, Chief Information Officer, a white male, would back Ms. Brito and Ms. Allen in these instances.

10. Further, to Plaintiff's knowledge, nothing was done to correct their behavior.

11. These co-workers began to sabotage Plaintiff's work.

12. In March 2023, Plaintiff was locked out of the Ellucian IT system during the Ellucian technology conference where she needed to have access to the system while the vendors were present, to help her troubleshoot issues the department was having.

13. When Plaintiff questioned Defendant about this, Defendant passed it off as a "routine audit", however, upon information and belief, no other employee was locked out of the Ellucian IT system during this timeframe.

14. In April 2023, Plaintiff filed a complaint with the equity office detailing the harassment and race discrimination.

15. Plaintiff named Ms. Brito and Ms. Allen in the complaint.

16. Three weeks later, Plaintiff was finally able to meet with Angie Snyder, Equity Officer, to discuss her complaint. Ms. Snyder told Plaintiff that they waited three weeks to meet with her, because they wanted to give Plaintiff more time to see if she would change her mind.

17. Ms. Snyder stated that Mr. Dudley had the authority to switch her position or job requirements/functions at will.

18. When Plaintiff confirmed with Ms. Snyder that she would like to move forward with her complaint, Ms. Snyder told Plaintiff that she did not have a case

because Ms. Brito is married to a Cuban man and that Ms. Allen, although she passes as white, is Hispanic and therefore could not be discriminating against Plaintiff.

19. Plaintiff also told Ms. Snyder that she was being paid less than a younger, white male. Ms. Snyder told Plaintiff that there was still no discrimination.

20. After this meeting, Plaintiff requested to work under a different supervisor, as she felt that since she had that meeting, her supervisor, Mr. Dudley has put a target on her back. This request was denied.

21. Plaintiff then emailed another supervisor, Kailee Mateika, a white female, about negative comments made during a meeting. Ms. Mateika replied to Plaintiff's email and told Plaintiff that she was inflexible, rigid and uncollaborative.

22. Plaintiff forwarded this email to the school President, Jeffrey Allbritten, along with her complaint, reporting up the chain the issues that she has been experiencing.

23. The following day, Plaintiff received an email from the Head of Human Resources, Susan Bronstein, a white female, informing her that she was being terminated and attempted to dissuade Plaintiff from filing suit.

24. Plaintiff was then made to return her equipment to the campus police, rather than to the IT department, which is where other employees were able to return their equipment upon separation.

25.   Plaintiff has been made to hire the undersigned attorneys to enforce her rights. Defendant should be made to pay for Plaintiff's attorney's fees under the applicable statutes.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000E *ET SEQ* (Title VII).

26.   Plaintiff realleges paragraphs 1-25, as if fully set forth herein.

27.   Plaintiff is entitled to relief against Defendant for violating Title VII, 42 U.S.C. §2000e *et seq.*

28.   Defendant is an employer as that term is used under the applicable statutes referenced above.

29.   Plaintiff is a member of a protected class based on her race (Hispanic), which was known and obvious.

30.   There is a causal connection between Plaintiff's race and the adverse employment actions taken against her.

31.   Plaintiff was qualified to perform her job and was treated less favorably than similarly situated individuals outside of her class.

32.   As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible

and intangible damages, and these damages are ongoing. Plaintiff is entitled to relief.

33. As Plaintiff is obligated to retain counsel for redress, she is entitled to reasonable attorneys' fees, as well as costs.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, FLA. STAT. §760

34. Paragraphs 1-25 are re-alleged and reincorporated herein by reference.

35. Plaintiff is Hispanic and guaranteed protection against discrimination under The Florida Civil Rights Act, Fla. Stat. §760.10.

36. Defendant and its employees were engaged in racially discriminatory conduct towards Plaintiff in violation of her civil rights.

37. Defendant is an employer within the meaning of the FCRA.

38. Plaintiff contends that Defendant has a pattern and practice of treating similarly situated, White employees more favorably than Hispanic employees and she was subjected to disparate treatment as outlined herein.

39. Defendant knew, or should have known, that Plaintiff was being discriminated against and treated in a manner less favorable to similarly situated white employees.

40. Despite this knowledge, Defendant failed to take any remedial action.

41. By and through the conduct described herein, Defendant permitted a

pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing disparate treatment on the basis of race in violation of the FCRA.

42. As a result of Defendant's violations, Plaintiff has suffered damages.

43. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered an injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, humiliation, damage to her reputation, and other past and future pecuniary losses.

## COUNT III
## RETALIATION IN VIOLATION OF 42 U.S.C. §2000E *ET SEQ.*
## (Title VII)

44. Plaintiff realleges paragraphs 1-25, as if fully set forth herein.

45. Defendant retaliated against Plaintiff because she engaged in protected conduct with respect to terms, conditions, and privileges of her employment in violation 42 U.S.C. § 2000e-5(k).

46. Plaintiff is a member of a protected class within the meaning of the applicable law.

47. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms,

conditions, and privileges of her employment, including her termination from employment.

48. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, and other non-pecuniary losses, along with lost back pay and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT IV
## RETALIATION- §760.10, FLORIDA STATUTES

49. Paragraphs 1-25 are hereby re-alleged and reincorporated as if set forth in full herein.

50. Defendant is an employer as that term is used under the applicable statutes referenced above.

51. Plaintiff reported unlawful employment practices that adversely affected her under the Florida Civil Rights Act.

52. Plaintiff is a member of a protected class in that she engaged in protected activity by reporting unlawful employment practices.

53. Plaintiff reported those unlawful employment practices to Defendant, and Defendant terminated Plaintiff.

54. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering, along with lost back pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT V
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT AGE

55. Plaintiff realleges paragraphs 1-25, as if fully set forth herein.

56. Defendant discriminated against Plaintiff on the basis of her age with respect to terms, conditions, and privileges of her employment and terminated Plaintiff from her employment in violation of § 760.10(1)(a) and (b), Florida Statutes.

57. Plaintiff is a member of a protected class within the meaning of the applicable law due to her age.

58. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

59. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other

benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to equitable relief and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic losses to Plaintiff from Defendant for Defendant's violations of law enumerated herein and awarding Plaintiff Punitive damages for Defendant's reckless indifference towards Plaintiff's federally protected rights;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 18th day of December 2024.

                                          Respectfully submitted,

/s/ *Kevin C. Kostelnik*
Kevin C. Kostelnik
Florida Bar No.: 0118763
Kevin@tiffanycruzlaw.com
Tiffany R. Cruz
Florida Bar No.: 090986
Tiffany@tiffanycruzlaw.com
Kera@tiffanycruzlaw.com
Parker @tiffanycruzlaw.com
**CRUZ LAW FIRM, P.A.**
325 N. Calhoun Street
Tallahassee, FL 32301
850-701-8838

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of December, 2024, a true and correct copy of the foregoing has been served on all parties and/or counsel of record via the CM/ECF Portal.

/s/ *Kevin C. Kostelnik*
Kevin C. Kostelnik