UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALTAGRACIA SALCEDO,

             Plaintiff,

    v.

THE DISTRICT BOARD OF
TRUSTEES SOUTHWESTERN
STATE COLLEGE, FLORIDA,
THE DISTRICT BOARD OF
TRUSTEES FOR FLORIDA
SOUTHWESTERN STATE
COLLEGE,

             Defendant,

Case No. 2:24-cv-1141-KCD-NPM

                         /

## **ORDER**

Not long after this case started, the Court entered a Case Management and Scheduling Order. (Doc. 16.)[1] That order laid out a straightforward, step-by-step procedure for summary judgment briefing: if a party moves for summary judgment, it must list the material facts in numbered paragraphs. (*Id.* at 5.) If the opposing party disagrees, it must mirror those numbered paragraphs, admitting or denying each one with pinpoint citations to the record. (*Id.*)

In May 2026, Defendant moved for summary judgment. It followed the rules. (*See* Doc. 28.) Plaintiff filed a response but left the rulebook behind.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

(Doc. 31.)  Instead of matching Defendant's numbered paragraphs, Plaintiff submitted a sprawling narrative of facts. That approach leaves the Court to sift through the record and guess what remains in dispute. Not going to happen.

This Court's scheduling order is not a mere suggestion. The point-by-point procedure exists for a highly practical purpose: it eliminates guesswork and identifies the contested facts so we can apply the law appropriately. Anything less turns summary judgment into "the proverbial search for a needle in the haystack." *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007). "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or defense." *Id.*; *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Because Plaintiff failed to comply with the Court's clear directives, her response brief (Doc. 31) is **STRICKEN**. Plaintiff has until July 16, 2026, to try again. The new response must *strictly* follow the scheduling order. If it does not, the Court will strike the filing for a second time and consider Defendant's motion entirely unopposed.

**ORDERED** in Fort Myers, Florida on July 13, 2026.

Kyle C. Dudek
United States District Judge